In re **FREEDOM SOLAR CENTER, INC.,** Debtor.

Paulette P. **PARKER,** Trustee, Plaintiff,

v.

Robert G. **FRAZIER,** Defendant.

Bankruptcy No. 283–00046.
Adv. No. 283–0223.

United States Bankruptcy Court,
D. Maine.

Sept. 5, 1984.

Paulette P. Parker, Bowie & Parker, Portland, Me., trustee.

Ralph A. Dyer, Portland, Me., for defendant.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

This proceeding involves an issue which occasionally arises in bankruptcy cases but seldom creates as much animosity as it has in this relatively small Chapter 7 case. The trustee seeks to enjoin or disqualify Robert G. Frazier, who represents the debtor, from serving as counsel in this bankruptcy case to Stephen A. Freeman, sole shareholder of the debtor, individually, and Atlantis Solar Rooms, Inc., a new enterprise organized by Freeman.[1] The trustee claims that Frazier's representation of these multiple parties constitutes a conflict of interest. The court concludes that, in this case, the trustee is correct.

The corporate debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 15, 1983. Frazier was, and is, the debtor's attorney of record. Paulette Parker was appointed interim trustee on February 22, 1983, by the United States Trustee and later was appointed as trustee under 11 U.S.C. § 15703(b).

Prior to undertaking the bankruptcy case neither Frazier nor any member of his firm had represented the corporate debtor or Freeman, its sole shareholder. Since the filing of the petition, Frazier has represented both Freeman individually and a new corporation organized on April 25, 1983, by Freeman and others.

During March, Frazier, on Freeman's behalf, negotiated with the trustee for the purchase of certain assets of the debtor, including office furnishings, equipment, and the corporate name. Negotiations eventually broke down and disputes arose regarding turnover of property to the trustee. Each party blames the other for delays in turning over the estate property to the trustee. Without deciding who was responsible for the delays, this court, on June 15, 1983, ordered that Freeman and/or Atlantis Solar Rooms, turn over estate property to the trustee or the trustee's nominee. The order has been complied with.

In the meantime, relations between the trustee and Frazier became even more disputatious, and Mr. Ralph Dyer, senior partner of Frazier's firm, became involved in the case.

The lawyers have engaged in extensive discovery, sought protective orders and sanctions, filed numerous motions, affidavits, memoranda, complaints, and counterclaims worthy of a large reorganization case.

The difficulties have arisen from the trustee's insistance that because of a conflict of interest, Frazier can not simultaneously represent in this bankruptcy case the corporate debtor, Freeman, the debtor's

---

1. Frazier, in turn, has sought removal of the trustee. That issue will not be considered at this time. Both parties have also complained to the Board of Overseers of the Bar.

sole stockholder and officer, as an individual, and Freeman's new corporation. Frazier, who admits that he represents all three entities, with equal insistance denies that a conflict exists.

Maine Bar Rule 3, as adopted by the Supreme Judicial Court of Maine, is the Code of Professional Responsibility for this court. *See* Rule 5(d)(2) of the Rules of the United States District Court for the District of Maine.

Bar Rule 3.4(c) provides:

**(c) Multiple Employment Forbidden.** A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be, or is likely to be, adversely affected by his representation of another client, or if it would be likely to involve him in representing differing interests, except to the extent permitted by subdivision (d) of this rule.

Is Frazier engaged in "multiple employment" within the meaning and intent of Bar Rule 3.4(c)? The answer to this question is not always clear in the case of a closely held, one person, corporation such as the one we are concerned with here. At least one court has said:

in a small, closely held corporation the rights of the individual stockholders who control the corporation and of the corporation are virtually identical and inseparable....

*In re Brownstein,* 602 P.2d 655 (Or.1979).

In a bankruptcy case, however, the rights and interests of the debtor corporation and those of its officers and stockholders are not always virtually identical and inseparable. In many cases they are clearly adversarial because of the intervention of the rights of creditors and other parties in interest. It is elementary that the corporate debtor, Freeman as an individual, and his new corporation are all separate legal entities. *Ulmer v. LimeRock Railroad Co.,* 57 A. 1001, 98 Me. 579, 594 (1904); 1 W. Fletcher, *Cyclopedia of the Law of*

*Private Corporations* § 25 (C. van Swearingen rev. ed. 1983). It, therefore, is obvious that Frazier is in a "multiple employment" situation.

Does his multiple employment involve him in representing differing interests? In many bankruptcy cases involving small, closely held corporations, such multiple employment does not place an attorney in the uncomfortable position of representing differing interests. This is especially true in chapter 7 (liquidation) cases. The interests of the debtor corporation, its officers, and its stockholders are often identical. Each seeks to maximize a recovery for the estate upon liquidation of the debtor's assets.[2] This is especially true when the officers are personally liable for taxes and/or when the officers or stockholders have personally guaranteed the corporate debts, which is often the case.

Another element is present in this case, however. Freeman, sole stockholder and only officer of the corporate debtor, has organized a new corporation, Atlantis Solar Rooms, Inc., with the objective of continuing in business. In furtherance of that objective, Freeman, on behalf of his new business enterprise, seeks to purchase from the estate certain of the debtor's assets and the corporate name. When Frazier, attorney of record for the debtor, began to negotiate the purchase with the trustee, Frazier was in a position of multiple employment "likely to involve him in representing differing interests" within the meaning and intent of Bar Rule 3.4(c). The conflict arises because section 521 of the Bankruptcy Code requires the debtor to cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties and to surrender to the trustee all property of the estate. In the case of a corporate debtor Bankruptcy Rule 9001(5)(A) provides that: "debtor," if designated by the court, includes "any or all of its officers, members of its board of directors ... a controlling stockholder or

---

**2.** "The commencement of a case under 301, 302 or 303 of this title creates an estate." 11 U.S.C. § 541.

member, or any other person in control[.]" The court can find no record of having designated Freeman under the rule. However, all parties have proceeded under the assumption that Freeman, as the sole and controlling stockholder is the person who should be so designated. The fact that he was not so designated is not material to this decision.

When Freeman, the individual, opened negotiations, through Frazier, for the purchase of the corporate debtor's assets and the corporate name from the debtor's estate, Frazier was representing differing interests. Freeman, controlling stockholder, was required to cooperate with the trustee and to surrender to the trustee all property of the estate. The trustee was, under 11 U.S.C. § 323, the representative of the estate charged with the duty to collect and reduce to money the property of the estate, 11 U.S.C. § 704(1), investigate the financial affairs of the debtor, section 704(3), and furnish information concerning the estate and the estate's administration to parties in interest, section 704(6).

It is in the interest of the estate, represented by the trustee, with the cooperation of the "debtor" in the person of Freeman, sole and controlling stockholder, to expeditiously collect the property of the estate and to liquidate the property for the highest possible price.

Freeman, the individual, on the other hand, was interested in purchasing the assets and corporate name for the lowest possible price, and in delaying turning over property of the estate pending negotiations. There were delays in this case. Frazier and the trustee blame each other for the delays. It is not necessary for the court to assess blame. The issue is not who caused the delays but, rather, whether Frazier's multiple representation is "likely to involve him in representing differing interests...." Bar Rule 3.4(c). The court concludes, as it must, that Frazier's employment by the debtor, Freeman, as an individual, and Freeman's new corporation, Atlantis Solar Rooms, Inc., does so involve him.

Under certain circumstances multiple employment is permitted under the Bar Rules. Rule 3.4(d) provides:

**(d) Multiple Employment Permitted.** A lawyer may represent multiple clients if it is obvious that he can adequately represent the interests of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of the lawyer's independent professional judgment on behalf of each.

Bar Rule 3.4(d) requires the consent of each client, i.e.: the debtor, Freeman as an individual, and Atlantis Solar Rooms, Inc. The record does not reveal whether Freeman and Atlantis Solar Rooms, Inc., have consented. It is clear, however, that the debtor has not consented. Only the trustee could give such consent on behalf of the debtor. *In re Pacific Homes,* 1 B.R. 574, 579 (Bankr.C.D.Cal.1979). *See also In re National Trade Corp.,* 28 B.R. 872 (Bankr. N.D.Ill.1983); *In re O.P.M. Leasing Services, Inc.,* 13 B.R. 64 (S.D.N.Y.1981). The trustee has consistently objected to Frazier's multiple representation. Absent the trustee's consent, which in most small chapter 7 cases should be, and is, readily given in the interest of economy and efficiency, Bar Rule 3.4(d) does not apply.

It has been argued that in a liquidation case under chapter 7 the corporate debtor ceases to exist and therefore has no "interest" in the outcome of the case, such as an individual debtor or a corporate debtor attempting to reorganize under chapter 11, would have. This argument is without merit. The corporate debtor does not cease to exist pending the administration of the case. The debtor, acting through its responsible officers, directors, or controlling stockholders, has a duty to cooperate with the trustee, surrender to the trustee all property of the estate and perform the other duties required by 11 U.S.C. § 521. The conflict arises because Freeman's duty to cooperate with the trustee in his capacity as controlling stockholder collides with his individual interest in purchasing certain

assets and the corporate name from the estate.

Bar Rule 3.5(b)(2) mandates that a lawyer representing a client "before a tribunal ... shall withdraw from employment ... if: (ii) He knows, or should know, that his continued employment will result in a violation of these Rules[.]" Frazier must withdraw from employment by Freeman, as an individual, and Freeman's new corporation, Atlantis Solar Homes, Inc., in this bankruptcy case.

An appropriate order will be entered.